IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**RANDELL KERBY** and **CHERYL KERBY**,　　　　　　　　　No. 2:12-cv-00544-MO
in her individual capacity and on behalf of her
minor children, J.R.K. (1) and J.R.K. (2)　　　　　　　　　OPINION AND ORDER

　　　　　Plaintiffs,
　v.

**GAY DAVIS,** as an individual,

　　　　　Defendant.


**MOSMAN, J.**,

　　　　On May 12, 2015, a jury determined that Gay Davis did not violate the Kerbys' constitutional right to familial integrity under 42 U.S.C. § 1983. On June 26, 2015, Defendant submitted a Bill of Costs and Disbursements [279], seeking $14,297.99. Plaintiffs objects to these costs [282]. Based upon on my knowledge as the trail judge in this matter and the Plaintiffs' briefing, I have determined that an award of costs is not appropriate in this matter. Therefore, I DENY Defendant's Bill of Costs and Disbursements.

　　　　Rule 54(d)(1) provides that, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." Based on this rule, there is a presumption that costs will be awarded in favor of the prevailing party. *Stanley v. Univ. of S. Cal.,* 178 F.3d 1069, 1079 (9th Cir. 1999) (citing *Nat'l Info. Servs., Inc. v. TRW, Inc.,* 51 F.3d 1470, 1471-72 (9th Cir. 1995)). However, the Ninth Circuit has recognized that Rule 54(d)(1), "vests in the district court discretion to refuse to award costs." *Ass'n of Mexican-Am. Educ. v. State of Cal.*, 231 F.3d

1 –OPINION AND ORDER

572, 591 (9th Cir. 2000) (en banc) (citing *Nat'l Info. Servs., Inc.* at 1471). This discretion is "not unlimited" and requires a district court denying such costs to "'specifying reasons' for its refusal to award costs." *Id.* (citing *Subscription Television, Inc. v. S. Cal. Theatre Owners Ass'n*, 576 F.2d 230, 234 (9th Cir. 1978)).

As a starting point for analysis, the Ninth Circuit has noted at least five "appropriate reasons" for denying costs. They include: "(1) the substantial public importance of the case, (2) the closeness and difficulty of the issues in the case, (3) the chilling effect on future similar actions, (4) the plaintiff's limited financial resources, and (5) the economic disparity between the parties. *Escriba v. Foster Poultry Farms, Inc.,* 743 F.3d 1236, 1247-48 (9th Cir. 2014) (citing *Ass'n of Mexican-Am. Educ.* at 592–93).

In this case, Plaintiffs' claims resulted in very rigorous debate between the parties concerning the fundamental right to family integrity, as well as the proper standard of review in these cases. The questions and issues presented by these arguments added to the evolution of analysis in this arena, thereby increasing the public importance this matter will inevitably have on subsequent cases.

Additionally, the issues presented in this case were so close, that they required careful evaluation of witness testimony and circumstantial evidence at trial. As discussed in my March 3, 2015, Opinion and Order [186], summary judgment was not appropriate because a reasonable jury could find that the executive action taken by Ms. Davis was warranted under *Crowe* and that a reasonable social worker could have believed her actions were warranted. *See Crowe v. Cnty. of San Diego*, 608 F.3d 406, 441 n.23 (9th Cir. 2010). Although the jury ultimately found that Ms. Davis's actions were justified by exigent circumstances, they also found that she prohibited Mr. Kerby from returning home and did so without a valid court order in effect to authorize her conduct. Verdict Form [276] at 1. These findings

make clear that the issues presented were close and not without merit; another factor weighing against the imposition of costs on the Kerbys.

I am also concerned about the possible chilling effect an award of costs would have on future civil rights litigants of modest means. *See Stanley v. Univ. of S. Cal.,* 178 F.3d 1069, 1080 (9th Cir. 1999). The Kerbys' case raised many important issues concerning the reach of the government within the arena of family integrity, and I take seriously the Ninth Circuits concern that, "[w]ithout civil rights litigants who are willing to test the boundaries of our laws, we would not have made much of the progress that has occurred in this nation since *Brown v. Board of Educ*." *Id.* (internal citation omitted).

Finally, I have taken into account Plaintiffs' limited financial resources and the vast economic disparity between the parties. Mrs. Kerby's declaration indicates that she is the sole financial supporter for her family. Cheryl Kerby Dec. [284] at 2. The family has no savings or other sources of income and they are currently in arrears on their mortgage. *Id*. at 3. Since "[i]ndigency is a factor that the district court may properly consider in whether to award costs," *Stanley*, 178 F.3d at 1079, I recognize the Plaintiffs' difficult financial situation as another factor in my consideration of costs.

For the reasons stated above, I have determined that an award for costs would not be appropriate in this matter, and therefore, I deny Defendant's Bill of Costs and Disbursements [279]. IT IS SO ORDERED.

DATED this  3rd   day of August, 2015.

  /s/ Michael W. Mosman  
MICHAEL W. MOSMAN  
United States District Judge

3 –OPINION AND ORDER